BRITTON v. THOMAS.

In re DANIELS' ESTATE.

(Circuit Court of Appeals, Eighth Circuit. November 16, 1916.)

No. 4736.

BANKRUPTCY ⊜—364—PROOF OF UNSECURED CLAIM—JUDGMENT ALLOWING AMENDMENT—EFFECT.

As regards a creditor of bankrupt having waived right to the money collected on drafts, by filing proof of an unsecured claim, including the full amount of the drafts, the amendment of such proof pursuant to a judgment allowing it unappealed from and still standing in full force, so as to reduce the claim on the drafts to the amount thereof not collected, leaves the claim as if originally filed as amended, so that no waiver can be claimed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 485, 504; Dec. Dig. ⊜—364.]

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Petition by John B. Thomas against A. J. Britton, trustee in bank-

ruptcy of the estate of Claud Daniels, bankrupt. From an order of the court affirming a decision of the referee in bankruptcy in favor of petitioner, the trustee appeals. Affirmed.

G. M. Sebree, of Springfield, Mo. (Robert Lamar, of Houston, Mo., on the brief), for appellant.

V. O. Coltrane, of Springfield, Mo:, and J. C. Dyott, of Willow Springs, Mo., for appellee.

Before SANBORN and CARLAND, Circuit Judges, and TRIE-BER, District Judge.

CARLAND, Circuit Judge. This is an appeal from an order of the district court which affirmed a decision of the referee in bankruptcy, holding that the appellee was entitled to a fund of $2,350, with interest, on deposit with the Southern Missouri Trust Company. The facts which condition the correctness of the order appealed from are as follows:

On October 23, 1912, the appellee was the active manager of the Bank of Willow Springs, at Willow Springs, Mo. On that date the Daniels Commission Company drew three sight drafts on Rash, Banker & Company of Los Angeles, California, payable to the order of the Bank. One draft was for $1,500 and two for $750 each. Attached to these drafts was a bill of lading, duly indorsed for a car of eggs consigned to the order of the Daniels Commission Company, Los Angeles, Cal. Upon the delivery of these drafts with the bill of lading attached to the Bank of Willow Springs, the Commission Company received credit on the books of the Bank for $3,000, which was subsequently drawn out and used by the Commission Company in its business.

December 16, 1912, Claud Daniels, doing business under the name of the Daniels Commission Company, was adjudged a bankrupt. Rash, Banker & Co. declined to pay the drafts. Appellee paid the Bank of Willow Springs cash for the drafts, and thus became the owner thereof and the proceeds of the car of eggs. On June 14, 1912, appellee entered into an agreement with appellant as follows:

"Whereas, in the month of October, 1912, the Daniels Commission Co., of Willow Springs, Missouri, shipped to Rash, Banker & Co., Brokers of Los Angeles, California, one carload of eggs, which have been disposed of by said brokers, and the net proceeds realized from the sale of the same amounts to $2,507.85; and, whereas, in the month of November, 1912, a petition in bankruptcy was filed against the said Daniels Commission Co., and said company was afterwards adjudged bankrupt by the United States District Court for the Southern Division of the Western District of Missouri, and A. J. Britton, of Cabool, Missouri, was duly elected, and is now the duly qualified and acting trustee in bankruptcy of said Daniels Commission Co.; and, whereas, J. B. Thomas, of Willow Springs, Missouri, claims the proceeds of said carload of eggs sold by Rash, Banker & Co., and the said J. A. Britton, trustee, also claims the said proceeds, and the said brokers, Rash, Banker & Co., have been notified by the Farmers & Merchants' National Bank of Los Angeles, California, representing the said J. B. Thomas, and also by John C. Dyott, who was the receiver of the Daniels Commission Co., of said claims; and, whereas, the said Rash, Banker & Co. are unwilling to pay out said funds until the said conflicting claims are settled: Now, for the purposes of having said funds transferred and brought within the jurisdiction of the United States District Court for the Southern Division of the Western District of Missouri, and

without waiving any claims or rights either the said A. J. Britton, trustee, or the said J. B. Thomas may have to the same, it is hereby agreed, that the said Britton, trustee, and the said Thomas will make a joint order on Rash, Banker & Co., to transmit said funds, $2,507.85, to the Southern Missouri Trust Company, of Springfield, Missouri; said amount to remain in said trust company as a special deposit in the names of A. J. Britton, trustee, and J. B. Thomas and draw interest at the rate of three per cent. per annum. It is further agreed that the said A. J. Britton, trustee will, within one year from this date institute legal proceedings to have the right and title to said fund determined, and that he will prosecute said action with due diligence to a final judgment, and that the Southern Missouri Trust Company shall be authorized to pay said fund and the accrued interest to whomsoever it shall be adjudged to belong.

"Dated this 4th day of June, A. D., 1913.

"J. A. Britton,
"Trustee Daniels Commission Co.
"J. B. Thomas."

Pursuant to this agreement the sum of $2,507.85 was collected from Rash, Banker & Co., and said sum, less expenses and attorneys' fees, was deposited with the Southern Missouri Trust Company; the exact amount deposited being $2,350.

By reason of the foregoing facts it must be conceded that the appellee is entitled to the fund on deposit, unless he has forfeited his right thereto by reason of the facts now to be stated.

November 28, 1913, appellee filed proof of an unsecured claim against the bankrupt estate of the Daniels Commission Company in the sum of $11,436. This claim included the amount due on the drafts. At the time appellee filed proof of the unsecured claim he knew the drafts had not been paid, but testified that he did not know that the allowance of the unsecured claim constituted a waiver of his right to the particular money arising from the drafts. January 21, 1915, the unsecured claim of appellee was allowed. June 1, 1915, appellee accepted a dividend thereon of $343.08. Appellee knew, in February, 1914, that the money arising from the drafts had been deposited with the trust company, but he testified that he did not know that the money would be paid when he filed his unsecured claim in November, 1913. July 15, 1915, appellee filed a petition with the referee for permission to amend his proof of claim made in November, 1913, by striking therefrom the amount due on the drafts except the difference between said amount and the amount actually collected and on deposit with the trust company. The petition set forth the facts as detailed herein, and also alleged that the failure of appellee to mention the drafts as security in the proof accompanying his claim was caused by inadvertence and unintentional omission. This petition was contested by appellant, and on August 3, 1915, the referee made the following order in reference thereto:

"Before John Schmook, a referee in bankruptcy of said court, at Springfield, Missouri, in said Division, August 30, 1915. The petition of J. B. Thomas, a creditor of said bankrupt, to amend claim by him heretofore filed, and thereafter on the 21st day of January, 1915, duly allowed in his favor against said bankrupt estate, in the sum of $11,436, and the objections of the trustee, to said petition for leave to amend, having come regularly on for hearing, on the said petition to amend and on said objections thereto, said John B. Thomas appearing in his own proper person and by V. O. Coltrane, Esq., and J.

C. Dyott, Esq., his attorneys, and said trustee, A. J. Britton, appearing in his own proper person and by G. M. Sebree, Esq., and Robert Lamar, Esq., his attorneys, and the same having been by agreement of parties submitted to the referee for hearing and decision, and said claimant and said trustee having offered evidence, and the referee having heard the evidence and argument of counsel and being fully advised in the premises, after due consideration it is by the referee ordered that the petition of said John B. Thomas, claimant herein, for leave to amend, be and the same hereby is granted, and said petitioner is accordingly given leave to amend his said claim so that the third item thereof shall read and be for the sum of $586.52 only, instead of $3,000, on the three drafts in said claim mentioned, all due October 23, 1912, and the objections of said trustee to said petition for leave to amend be and the same hereby are overruled and dismissed; provided, however, and upon condition that said John B. Thomas shall refund and repay to said A. J. Britton, trustee in bankruptcy of said estate, the sum of $343.08, being dividend declared and ordered paid on said claim allowed January 21, 1915, aforesaid and by the said John B. Thomas received as such creditor. It having been admitted by all parties, on said hearing, that said claimant, John B. Thomas, had made formal tender to said trustee of said dividend, aforesaid."

Appellant by proper proceedings carried said order before the District Court for review, and on October 11, 1915, said court, Hon. Wilbur J. Booth presiding, in all things approved and affirmed the above order. This judgment still stands, and is not subject to review in the present proceeding. June 3, 1915, appellee filed the petition in the present proceeding, wherein, after stating the facts, he prayed that the title to the fund on deposit with the trust company be determined, and that if it should be determined that it belonged to him, a proper order be made in the premises. Appellant answered the petition of the appellee, and such proceedings were thereafter had that on February 1, 1916, the referee made the following order:

"That said J. B. Thomas have and recover said sum of $2,350 and interest thereon from February 10, 1914, at the rate of three per cent. per annum, being the fund so deposited as aforesaid. It is further by said referee ordered and adjudged that said A. J. Britton, trustee as aforesaid, join with said Thomas, and said Britton as such trustee is hereby directed and empowered so to join, in an order upon said Southern Missouri Trust Company to pay said sum and interest to said Thomas. It is further by the referee ordered and adjudged that said Southern Missouri Trust Company and said trustee pay to said Thomas and that said Thomas have and recover of and from said trust company and from said trustee aforesaid, said sum of $2,350 so deposited as aforesaid, and interest thereon at 3 per cent. per annum, from February 10, 1914, and that execution issue."

This order was subsequently approved and affirmed by the District Court (Judge Van Valkenburgh presiding) on petition for review. The present appeal is from such last-named order: On the facts as stated appellant claims that appellee waived his right to the fund on deposit by filing proof of an unsecured claim wherein the drafts were included as a portion of the indebtedness due appellee. Numerous cases are cited in the briefs upon the doctrine of election of remedies, but we do not think that question is open on the present record for this reason. The judgment of the district court allowing appellee to amend the proof of his unsecured claim, so as to reduce the claim on the drafts from $3,000 to $586.52, still stands in full force. As a result thereof appellee cannot be held to have ever filed proof of a general claim for the amount on deposit with the trust company (23 Cyc. 973, and cases

cited). This being so, we do not see how it can be claimed that appellee has elected to take anything except the fund on deposit. In other words, as his proof of an unsecured claim stands amended so as not to make a general claim on the drafts except for the difference between the amount advanced on the drafts and the amount collected on the same, he has never made any general claim for the fund on deposit. After the judgment, allowing the unsecured claim to be amended, was rendered, then the claim stood as if it had been originally filed in the way it had been amended.

The judgment below is therefore affirmed.

SANBORN, Circuit Judge, concurs in the affirmance on the ground that the appellee was not estopped by his original claim, his receipt of a dividend upon it, and his other acts from refunding the portion of the dividend derived from the portion of the claim based on the amount due upon the drafts and recovering the proceeds thereof. Rankin v. Tygard, 198 Fed. 795, 797, 806, 119 C. C. A. 591, 593, 602, and authorities there cited; Thomas v. Taggart, 209 U. S. 385, 391, 392, 28 Sup. Ct. 519, 52 L. Ed. 845.